## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROUND ROCK RESEARCH, LLC,

        Plaintiff,

    v.

DOLE FOOD COMPANY, INC.,

        Defendant.

Civil Action No. 1:11-cv-01239-RGA

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO STAY PENDING REEXAMINATION

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE  19801
Telephone:  (302) 777-0300
Facsimile:  (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner
Jason Berrebi
Eugene Chiu
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Dated:  March 9, 2012

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ............................................................2

SUMMARY OF ARGUMENT ...........................................................................................3

STATEMENT OF FACTS ...................................................................................................4

ARGUMENT .......................................................................................................................6

    I.     Dole Premises Its Motion To Stay Upon Its Mistaken Belief That The Reexamination Proceedings May Moot Or Resolve The Issues In This Case.................................................................................................................7

    II.    None Of The Relevant Factors Weigh In Favor Of Staying This Case...................8

        A.    A Stay Would Prejudice Round Rock And Give Dole An Unwarranted Tactical Advantage. ...............................................9

        B.    A Stay Would Not Simplify The Issues For Trial. ....................................11

        C.    A Stay Is Not Warranted Simply Because A Case Is Just Beginning, Particularly Where, As Here, The Reexamination Proceedings Are Also Just Beginning. ......................................................13

    III.    Even If A Stay Was Appropriate, It Would Be Premature At This Time. ............14

CONCLUSION...................................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

<u>Cases</u>

*Ariba, Inc. v. Emptoris, Inc.*,
No. 07-90, 2007 WL 3132606 (E.D. Tex. Oct. 23, 2007)................................12

*Bechtel Corp. v. Laborers' Int'l Union*,
544 F.2d 1207 (3d Cir. 1976) .................................................................6

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010)........................8, 12

*Boston Scientific Corp. v. Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011)...........................................................7, 9

*Constellation IP, LLC v. The Allstate Corp.*,
No. 07-132, 2008 WL 4787625 (E.D. Tex. May 12, 2008) ......................11, 14

*Cooper Notification, Inc. v. Twitter, Inc.*,
No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010)...............9, 10, 13

*Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*,
807 F.2d 955 (Fed. Cir. 1986) ...............................................................15

*Datatreasury Corp. v. Wells Fargo & Co.*,
490 F. Supp. 2d 749 (E.D. Tex. 2006).....................................................11, 14

*Dayco Prods., Inc. v. Total Containment, Inc.*,
329 F.3d 1358 (Fed. Cir. 2003) ...............................................................8

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
734 F. Supp. 656 (D. Del. 1990)..............................................................6

*Dow Chem. Co. v. Mee Indus., Inc.*,
341 F.3d 1370 (Fed. Cir. 2003) ...............................................................8

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
No. 09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010)...............1, 6, 8, 12

*Gold v. Johns-Mansville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) .................................................................7

*Helicos Biosciences Corp. v. Pac. Biosciences of Cal.*,
No. 10-735-SLR, 2011 WL 6299761 (D. Del. Dec. 16, 2011) ....................11

*In re Chicco USA, Inc.*,
429 Fed. Appx. 993 (Fed. Cir. 2011) (non-precedential opinion)...................12

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*,
   385 F. Supp. 2d 1022 (N.D. Cal. 2005) ............................................................15

*Interconnect Planning Corp. v. Feil*,
   774 F.2d 1132 (Fed. Cir. 1985) ....................................................................15

*LMT Mercer Group, Inc. v. Maine Ornamental, LLC*,
   No. 10-4615, 2011 WL 2039064 (D.N.J. May 24, 2011) ................................14

*Old Reliable Wholesale, Inc. v. Cornell Corp.*,
   635 F.3d 539 (Fed. Cir. 2011) .....................................................................14

*Oracle Corp. v. Parallel Networks, LLP*,
   No. 06-414-SLR, 2010 WL 3613851 (D. Del. Sept. 8, 2010) .....................8, 12

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
   No. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003) ..............14, 15

*Rohm & Haas Co. v. Brotech Corp.*,
   24 U.S.P.Q.2d 1369 (D. Del. 1992) ..............................................................9, 12

*St. Clair Intellectual Prop. Consultants v. Sony Corp.*,
   No. 01-557-JJF, 2003 WL 25283239 (D. Del. Jan. 30, 2003) ..........................6

*Tyco Fire Prods. LP v. Victaulic Co.*,
   No. 10-4645, 2011 WL 4632689 (E.D. Pa. Oct. 4, 2011) ...............................14

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
   No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) ....................9, 12

## Statutes

35 U.S.C. § 101 ................................................................................2, 4, 11

35 U.S.C. § 112 ................................................................................2, 4, 11

35 U.S.C. § 271(a) .....................................................................................1

35 U.S.C. § 282 .........................................................................................8

35 U.S.C. § 284 .........................................................................................1

35 U.S.C. § 301 .......................................................................................11

35 U.S.C. § 302 .......................................................................................11

**Other Authorities**

MPEP § 1442.01 .................................................................................................................14

MPEP § 2243 .........................................................................................................................7

Plaintiff Round Rock Research, LLC ("Round Rock") respectively submits this brief in opposition to Defendant Dole Food Company, Inc.'s ("Dole") motion to stay pending reexamination of the patents-in-suit.

## INTRODUCTION

Round Rock is a technology research and licensing company that owns fundamental patents developed by pioneer Micron Technology, Inc., directed towards radio frequency identification ("RFID") technology. (*See, e.g.*, D.I. 1 at Exs. A-E.) Round Rock initiated this and nine other related actions following unsuccessful attempts to negotiate licenses with Dole and other companies concerning their unauthorized use of Round Rock's patented RFID technology. Dole insists that it should not be responsible simply because it "is not an electronics company." (Dole Br. at 1.) But Dole's characterization of Round Rock and its apparent belief that someone other than Dole should be responsible for Dole's extensive use of Round Rock's patented RFID technology (Dole Br. at 1-2) is incorrect. It is black letter law that companies such as Dole that decide to use patented technology as part of their businesses, without a license from the patent owner, are infringers and liable for damages. *See, e.g.,* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, *uses*, offers to sell, or sells any patented invention, within the United States … during the term of the patent therefor, infringes the patent." (emphasis added)); 35 U.S.C. § 284 (mandating that damages for infringement cannot be set "less than a reasonable royalty for the *use* made of the invention by the infringer." (emphasis added)).

Moreover, Dole's complaints about whether it is the most appropriate party have no bearing on the relevant factors that courts consider in assessing a motion to stay. *See, e.g., Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (listing factors). Consideration of the relevant factors demonstrates that Dole's motion should fail, as discussed below. Most significantly, only 26 of the 186 claims of

1

the five patents-in-suit are at issue in the reexamination proceedings—meaning that this case will proceed irrespective of the outcome of these proceedings. And most of the other issues in this case, including infringement, validity under 35 U.S.C. §§ 101 and 112, and enforceability—will not be addressed at all in these proceedings. Additionally, because the reexamination proceedings here are just beginning, a stay pending resolution of these proceedings would likely cause Round Rock evidentiary prejudice resulting from stale evidence, faded memories, and lost documents, in addition to hindering Round Rock's ability to enforce its patents. Each of these facts weighs against a stay.

Finally, the fact that Dole and the other defendants have not disclosed their invalidity contentions weighs against a stay. If Dole's true goal is a meaningful reexamination by the U.S. Patent & Trademark Office ("PTO"), rather than simply delaying this case, then the PTO should be provided the complete invalidity contentions defendants will rely upon in this case, so that the Court and parties can benefit from the PTO's recognized expertise in assessing those contentions. Otherwise, a stay will duplicate the proceedings by forcing Round Rock to separately address validity over different prior art references in different forums and possibly serial reexamination proceedings. For these reasons, Dole's motion to stay should be denied.

## NATURE AND STAGE OF THE PROCEEDINGS

Round Rock filed this patent infringement action against Dole on December 14, 2011, for infringement of five Round Rock patents. (D.I. 1.) Nine other related actions involving these five patents are also pending before this Court.[1] A scheduling conference pursuant to Fed. R. Civ. P. 16(b) is set for March 28, 2012.

---

[1] *See* Case Nos. 1:11-cv-01237-RGA (Macy's Retail Holdings, Inc.); 1:11-cv-01238-RGA (American Apparel, Inc.); 1:11-cv-01240-RGA (Fruit of the Loom, Inc.); 1:11-cv-01241-RGA (The Gap, Inc.); 1:11-cv-01242-RGA (Hanesbrands Inc.); 1:11-cv-01243-RGA (J.C. Penney

2

## SUMMARY OF ARGUMENT

1.      Staying this case is not warranted for several reasons.  First, Dole's assumption underlying its motion—that "the administrative proceedings before the PTO may moot or resolve the issues presented in this case" (Dole Br. at 5-6)—is incorrect.  Only 26 of the 186 claims of the patents-in-suit are at issue in the reexamination proceedings, and Round Rock's infringement case extends well beyond that limited set of claims.  Accordingly, irrespective of the outcome of the reexamination proceedings, this litigation will proceed.  A stay is not warranted for this reason alone.

2.      Second, none of the factors considered by courts in assessing a motion to stay in this district favors a stay here:

a)      The first factor—whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage—weighs against a stay.  For example, a stay is disfavored where, as here, the reexamination proceedings are just beginning, because a substantial delay will likely cause Round Rock evidentiary prejudice resulting from "stale evidence, faded memories, and lost documents," in addition to hindering Round Rock's ability to enforce its patents.  A stay at this stage of the case would also give Dole an unwarranted tactical advantage, as it would permit Dole to withhold its invalidity contentions to re-assert later in this case or in another reexamination proceeding, thus forcing Round Rock to incur the unnecessary expense and delay of addressing validity of the patents-in-suit on different grounds in multiple proceedings.

b)      The second factor—whether a stay will simplify the issues for trial—also weighs against a stay.  Most of the issues in this case, including infringement, validity under 35 U.S.C.

Corporation, Inc.);   1:11-cv-01244-RGA   (PepsiCo, Inc.);   1:11-cv-01245-RGA   (V.F. Corporation); and 1:11-cv-01279-RGA (Amazon.com, Inc.).

§§ 101 and 112, and enforceability—will not be addressed by the PTO. And only 26 of the 186 claims of the five patents-in-suit are at issue in the reexamination proceedings. Stays are disfavored in these circumstances.

    c)    The third factor—whether discovery is complete and a trial date set—is neutral. While the early stage of this case weighs in favor of a stay, the early stage of the reexamination proceedings weighs against a stay. This factor is thus neutral.

    3.    Finally, to the extent a stay may be appropriate at some point in this case, it is premature at this time. One of the key benefits of a stay, where appropriate, is that *all* prior art at issue in a case will be first considered by the PTO during reexamination. Accordingly, to the extent the goal is to permit a complete and accurate reexamination, rather than simply delay this case, each defendant should first disclose the invalidity contentions it will rely upon in this case so that Round Rock can disclose those contentions to the PTO, before a stay is considered.

## STATEMENT OF FACTS

Round Rock is a technology research and licensing company that owns fundamental patents developed by pioneer Micron Technology, Inc., directed towards RFID technology. (*See, e.g.*, D.I. 1 at Exs. A-E.) A number of companies, such as Dole, extensively use Round Rock's patented RFID technology to improve their business operations. But because Dole is not licensed to use Round Rock's patented RFID technology, Round Rock contacted Dole in late 2010 to initiate licensing negotiations. Dole nonetheless refused to engage in meaningful negotiations. Round Rock's only recourse against Dole's unauthorized use of its valuable patent rights was thus through litigation, which Round Rock filed on December 14, 2011. (D.I. 1.)

Dole now seeks to further delay compensating Round Rock for its unauthorized use of Round Rock's patented technology by requesting that the Court stay this entire action because an

unidentified party or parties filed requests for reexamination with the PTO.[2]  These requests for

reexamination, however, address only 30 of the 186 claims of the five patents-in-suit.  The PTO

has since agreed to reexamine 21 of those claims, declined to reexamine 4 of those claims, and

has not yet decided if it will reexamine the remaining 5 claims:

- U.S. Patent No. 5,500,650 ("the '650 patent") issued on March 19, 1996, with 19 claims.  (D.I. 1 at Ex. A.)  A request for reexamination of 5 of the 19 claims (claims 1, 9, 14, 16, and 18) was filed on January 30, 2012.  (Dole Br. Ex. D.)  On March 1, 2012, the PTO granted the request for claims 1, 9, 14, and 16, but denied the request for claim 18.  (Ex. A.)

- U.S. Patent No. 5,627,544 ("the '544 patent") issued on May 6, 1997, with 53 claims.  (D.I. 1 at Ex. B.)  A request for reexamination of 8 of the 53 claims (claims 1, 2, 9, 10, 19, 27, 32, and 46) was filed on January 30, 2012.  (Dole Br. Ex. E.)  On March 1, 2012, the PTO granted the request for claims 1, 2, 10, 32, and 46, but denied the request for claims 9, 19, and 27.  (Ex. B.)

- U.S. Patent No. 5,974,078 ("the '078 patent") issued on October 26, 1999, with 16 claims.  (D.I. 1 at Ex. C.)  A request for reexamination of 3 of the 16 claims (claims 1, 9, and 15) was filed on September 12, 2011.  (Dole Br. Ex. B.)  The PTO granted the request on October 18, 2011.  (Dole Br. Ex. C.)

- U.S. Patent No. 6,459,726 ("the '726 patent") issued on October 1, 2002, with 57 claims.  (D.I. 1 at Ex. D.)  A request for reexamination of 9 of the 57 claims (claims 1, 8, 12, 15, 19, 26, 29, 35, and 40) was filed on January 30, 2012.  (Dole Br. Ex. F.)  The PTO granted the request on February 17, 2012.  (Dole Br. Ex. H.)

- U.S. Patent No. RE 41,531 ("the '531 patent") reissued on August 17, 2010, with 41 claims (claims 38-78).  (D.I. 1 at Ex. E.)  A request for reexamination of 5 of the 41 claims (claims 38, 44, 50, 65, and 72) was filed with the PTO on January 30, 2012.  (Dole Br. Ex. G.)  The PTO has not yet ruled on the request.

Accordingly, only 26 of the 186 claims of the patents-in-suit are potentially still at issue in the

reexamination proceedings.  And the reexamination proceedings will not address most of the

other issues in this case, including validity of the 160 claims of the patents-in-suit not at issue in

---

[2] Dole alleges that "a major RFID provider" requested the reexaminations, but does not identify the alleged "major RFID provider."  (Dole Br. at 2.)

the reexamination proceedings, infringement, enforceability, and damages for Dole's infringement of the patents.

Despite the limited potential impact of the reexamination proceedings on the issues in this case, American Apparel—a defendant in one of the related cases—approached Round Rock about potentially staying the action.  In response, Round Rock informed the defendants that it does not believe a stay is appropriate in these circumstances, but that it would consider a stay if the parties entered a stipulation providing sufficient safeguards to Round Rock that would avoid duplication of efforts addressing validity and limit the delay.  (Ex. C.)  Dole responded by filing its motion.  (D.I. 12.)

## ARGUMENT

Motions to stay invoke the broad discretionary powers of the Court.  *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)).  Three general factors inform the court in this regard:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Sec.*, 2010 WL 2573925, at *3 (citing *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

"Concurrent litigation and reexamination proceedings present novel issues to the timely and efficient disposition of patent infringement disputes.  While allowing the PTO to determine reexamination-specific issues of validity may potentially obviate a multi-issue patent litigation and conserve finite judicial resources, this district carefully considers whether 'there is 'even a fair possibility' that the stay would work damage on another party' in the reexamination

context." *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011) (citations omitted); *see also Gold v. Johns-Mansville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) ("[I]t is well-settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party." (citation omitted)).

I.     **Dole Premises Its Motion To Stay Upon Its Mistaken Belief That The Reexamination Proceedings May Moot Or Resolve The Issues In This Case.**

Dole premises its motion to stay upon its mistaken belief that "the administrative proceedings before the PTO may moot or resolve the issues presented in this case." (Dole Br. at 5-6.) But only 26 of the 186 claims of the five patents-in-suit are at issue in the reexamination proceedings. (*See* Exs. A-B; Dole Br. Exs. C, G-H.) Thus 160 out of the 186 claims (86% of the claims) will *not* be reexamined. (*Id.*) *See, e.g.,* MPEP § 2243 ("The Office's determination in both the order for reexamination and the examination stage of the reexamination will generally be limited solely to a review of the claim(s) for which reexamination was requested. If the requester was interested in having all of the claims reexamined, requester had the opportunity to include them in its request for reexamination.").

This case is not limited to the 26 claims at issue in the reexamination proceedings. For example, Round Rock is asserting claims from each patent-in-suit that are not at issue in the reexaminations.[3] Similarly, Dole has not limited its counterclaims for infringement, invalidity, and/or unenforceability to the 26 claims at issue in the reexaminations. (D.I. 10.) This case will

---

[3] In accordance with the Court's Default Standard for Discovery, Round Rock will identify asserted claims with its initial claim charts 30 days after Dole produces its core technical documents related to the accused RFID products. *See* Default Standard for Discovery § 4. But by way of example, the asserted claims include, among others, claim 2 of the '650 patent, claim 33 of the '544 patent, claim 2 of the '078 patent, claim 17 of the '726 patent, and claim 41 of the '531 patent, none of which are at issue in the reexamination proceedings.

therefore proceed irrespective of the outcome of the reexaminations, and discovery concerning infringement, validity, enforceability, and damages for infringement of the asserted claims not at issue in the reexaminations must be completed even if—as Dole hypothesizes—one or more of the claims at issue in the reexaminations are amended or canceled.[4]

In view of these many issues outside the purview of the reexamination proceedings, there is no reason to halt the progress of this action.  Indeed, courts in this district disfavor stays in these circumstances.  *See, e.g., Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) ("[A] stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried."); *Oracle Corp. v. Parallel Networks, LLP*, No. 06-414-SLR, 2010 WL 3613851, at *2 (D. Del. Sept. 8, 2010) ("Insofar as the issues left for trial do not completely overlap those typically resolved upon reexamination, a stay is disfavored.").

## II.   None Of The Relevant Factors Weigh In Favor Of Staying This Case.

Furthermore, as discussed below, the three factors considered by courts in this district in connection with motions to stay pending reexamination proceedings do not favor a stay here. *See, e.g., Enhanced Sec.*, 2010 WL 2573925, at *3 (listing factors).

---

[4] For example, even if the PTO ultimately found one of the independent claims unpatentable, the dependent claims—none of which are at issue in the reexamination proceedings—are still presumed valid. *See, e.g., Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1375 (Fed. Cir. 2003) ("As this court has repeatedly emphasized, 'each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; [and] dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.'" (quoting *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1370 (Fed. Cir. 2003)); *see also* 35 U.S.C. § 282 ("[D]ependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.").

### A.    A Stay Would Prejudice Round Rock And Give Dole An Unwarranted Tactical Advantage.

In this district, courts "carefully consider[] whether 'there is 'even a fair possibility' that the stay would work damage on another party' in the reexamination context." *Boston Scientific*, 777 F. Supp. 2d at 788 (citations omitted).  Where, as here, most of the claims are not even at issue in the reexamination proceedings, the prejudice to the patentee associated with the delays inherent in a stay pending reexamination far outweigh any potential benefits.[5]

Reexamination proceedings can take several years to complete.  (*See, e.g.,* Dole Br. Ex. J at 2 (noting average pendency of 25.6 months).)  Accordingly, the fact that the reexamination proceedings here are just beginning weighs against a stay.  *See, e.g., Boston Scientific*, 777 F. Supp. 2d at 789 (finding that because "[r]eexamination is an arduous process fraught with the potential for multiple appeals," a reexamination that is just beginning "weighs against a stay."); *Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503-SLR, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010) (finding that a reexamination that is just beginning "weighs against a stay."); *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010) ("Given the early stage of the reexamination, and the average length it takes to complete a reexamination (including appeals), it follows that the stay, if granted, would almost certainly last many years.").

The reason such delays early in a case cause prejudice is two-fold.  First, as this Court has found, "[r]esuming [a] litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents," which is particularly prejudicial to the patentee:

---

[5]  Additionally, where, as here, "the reexamination has been initiated at the request of an anonymous person, rather than the patent owner," staying the case does not serve the purpose of the Patent Act of "provid[ing] an inexpensive method for the patent owner to test the validity of its patent."  *Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q.2d 1369, 1372 (D. Del. 1992).

> Resuming this litigation after a protracted stay would likely raise issues with stale evidence, faded memories, and lost documents. Much of the evidence Cooper must amass to prove infringement exists in the minds of witnesses, whose memories will inevitably fade, and who may be difficult to find as time passes. Infringement will also depend to some extent on how Defendants' accused products and services function today, which will be harder to prove years from now. By contrast, some of the matters on which Defendants bear the burden, such as invalidity of the '428 patent due to anticipation or obviousness, may not grow more difficult to prove, as they are based largely on prior art references, which do not change.

*Cooper*, 2010 WL 5149351, at *4.

Second, Round Rock's ability to enforce its RFID patents during the pendency of this litigation will be severely hindered. *See, e.g., Cooper*, 2010 WL 5149351, at *4 ("Although Cooper would be entitled to compensation for past infringement if the Court grants a stay and the '428 patent survives reexamination, its right to enforce the patent in the interim would be severely hindered."). Unlike cases where all asserted claims are at issue in a reexamination proceeding, the PTO is reexamining only a limited number of the claims here. Thus, there is no chance that the reexamination proceedings will lead to an early resolution of the dispute and avoid litigation. A stay thus ensures that any finality of Round Rock's claims is substantially delayed.

Finally, Dole seeks to gain an unwarranted tactical advantage by requesting a stay before providing its invalidity contentions—so that when the PTO confirms the patentability of the claims, Dole can re-test invalidity in this Court (or in another reexamination proceeding) based upon different prior art references. To avoid this wasteful duplication of efforts, Round Rock offered to consider a stay if the defendants agreed to be bound by the results of the reexamination proceedings. (Ex. C.) Indeed, recognizing this unwarranted tactical advantage, at least one court has conditioned the grant of a stay upon defendants entering into similar

stipulations. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754-55 (E.D. Tex. 2006) (conditioning stay on stipulation defendants "stipulate not to challenge [the patents] on grounds considered during the reexaminations" because "Defendants should not have two bites at the apple."); *Constellation IP, LLC v. The Allstate Corp.*, No. 07-132, 2008 WL 4787625, at *4 (E.D. Tex. May 12, 2008) ("As a condition of the stay, Defendants may not argue invalidity at trial based on one or more prior art patents or printed publications that were submitted by the petitioner in the reexamination proceedings."). Dole nonetheless rejected consideration of any form of stipulation (Dole Br. at 4), further illustrating that its primary goal is delay, not resolution.[6]

**B.    A Stay Would Not Simplify The Issues For Trial.**

Furthermore, staying this case would not simplify the issues for trial as Dole suggests. For example, even for the limited number of patent claims at issue in the reexamination proceedings, reexamination is limited to the consideration of patentability over "prior art consisting of patents or printed publications." *See* 35 U.S.C. §§ 301-302. Most of the issues in this case—including infringement, validity under 35 U.S.C. §§ 101 and 112, and enforceability—will not be addressed by the PTO. The "simplification" factor thus does not favor a stay here. *See, e.g., Helicos Biosciences Corp. v. Pac. Biosciences of Cal.*, No. 10-735-SLR, 2011 WL 6299761, at *2 (D. Del. Dec. 16, 2011) (finding that where "there is not a complete overlap between those issues to be resolved" in the reexamination and litigation

---

[6] Dole's attempt to distance itself from the reexamination proceedings because they were allegedly filed by some unidentified "RFID provider" (Dole Br. at 4) is unpersuasive. *Datatreasury*, 490 F. Supp. 2d at 755-56 (finding that Defendants' argument against a stipulation requirement because they had not initiated the reexamination "unpersuasive" because "to the extent Defendants wish to participate in reexamination they may file their own requests with the PTO.")

(including validity and infringement issues), then the "simplification" factor "does not favor a stay."); *Belden Techs.*, 2010 WL 3522327, at *2 ("[A] stay is not favored when infringement, validity under 35 U.S.C. § 112, or other issues outside the purview of reexamination remain to be tried."); *Oracle*, 2010 WL 3613851, at *2 ("Insofar as the issues left for trial do not completely overlap those typically resolved upon reexamination, a stay is disfavored.").

Additionally, as discussed above, 160 out of the 186 claims of the patents-in-suit are not even at issue in the reexamination proceedings. This case is thus very different than those in which the PTO is reexamining *all* the claims. *See, e.g., Enhanced Sec.*, 2010 WL 2573925, at *3 (in granting motion to stay, finding it "noteworthy that *every* claim of both the '975 and '236 patents is currently being reexamined by the same PTO Examiner, and that the PTO has already issued an office action rejecting *all* claims of the '975 patent." (emphasis added)); *Vehicle IP*, 2010 WL 4823393, at *2 (indicating that simplification of the issues factors depends, at least in part, on whether "*each* of the claims of the patents in suit are under reexamination." (emphasis added)). A stay is thus not warranted for this additional reason. *See, e.g., Rohm & Haas*, 24 U.S.P.Q.2d at 1371-72 (finding that where "at least some of the claims will survive reexamination" such that "those claims probably will have to be resolved in this litigation," staying the case may not be warranted.); *In re Chicco USA, Inc.*, 429 Fed. Appx. 993, 994 (Fed. Cir. 2011) (non-precedential opinion) (noting that "the court's failure to provide any explanation for granting the stay, ***despite the fact that not all of the claims in suit are in reexamination***, and long delay in ruling on [patentee's] motions to lift the stay might tip the balance in favor of mandamus relief...." (emphasis added)); *Ariba, Inc. v. Emptoris, Inc.*, No. 07-90, 2007 WL 3132606, at *2 (E.D. Tex. Oct. 23, 2007) ("Statistically, 90% of all reexaminations result in the confirmation of at least some of the claims in a patent. Therefore, even after reexamination, if

only one claim remained, invalidity would continue to be an issue, and so a stay would not preserve many resources.").

Finally, staying this case would likely significantly complicate the issues, rather than simplify the issues.  The five patents-in-suit are asserted against ten different infringing companies.  Absent a stipulation—which Dole refused to entertain—nothing prevents each defendant from initiating its own reexamination proceedings, requesting serial reexamination proceedings, or asserting invalidity in this case based upon the same prior art references at issue in the reexamination proceedings.  It would be much more efficient to address the invalidity allegations once, with all alleged invalidity allegations and prior art available for consideration.

Accordingly, because the majority of issues in this case (such as infringement and enforceability) are not being addressed in the reexamination proceedings, the majority of claims (160 out of 186) are not even at issue in the reexamination proceedings, and a stay will likely lead to multiple proceedings addressing validity based upon different prior art references, a stay here will not operate to simplify the issues for trial.

### C. A Stay Is Not Warranted Simply Because A Case Is Just Beginning, Particularly Where, As Here, The Reexamination Proceedings Are Also Just Beginning.

The third factor—whether discovery is complete and a trial date set—is the only factor that does not weigh against a stay, as this case is just beginning.  But particularly where, as here, the reexamination proceedings are also in the early stages, this factor does not favor staying the case either.  *See Cooper*, 2010 WL 5149351, at *3 (denying motion for stay, noting that, among other things, "this case is still at a relatively early point, but so, too, is the reexamination.").

Accordingly, the first two factors disfavor a stay, and the third factor is neutral.  Dole's motion for a stay should thus be denied.

13

III.    **Even If A Stay Was Appropriate, It Would Be Premature At This Time.**

Finally, even if a stay was appropriate in this case—which it is not—it would be premature at this time. For example, in accordance with the Court's Default Standard for Discovery, Dole and the other defendants in the related cases will provide their invalidity contentions relatively early in the case. *See* Default Standard for Discovery § 4. The PTO should have access to these contentions for consideration in the reexamination proceedings, so that the PTO's reexaminations are as complete as possible. *See, e.g., Tyco Fire Prods. LP v. Victaulic Co.*, No. 10-4645, 2011 WL 4632689, at *4 n.3 (E.D. Pa. Oct. 4, 2011) ("When litigation has commenced, the patentee must make the PTO aware and submit any invalidity arguments and prior art unearthed in that litigation not already considered by the PTO." (citing MPEP § 1442.01)).

Significantly, even Dole recognizes that where a stay is appropriate, one of the key benefits is that "*[a]ll* prior art presented to the Court will have been first considered by the PTO, with its particular expertise." (Dole Br. at 8 (emphasis added).) *See also, e.g., Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020-GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003) (finding that "the court will gain the benefit of the PTO's particular expertise, in that *all* prior art presented to the court will have been first considered by that agency." (emphasis added)); *Datatreasury*, 490 F. Supp. 2d at 754 (same); *Constellation IP*, 2008 WL 4787625, at *1 (same); *LMT Mercer Group, Inc. v. Maine Ornamental, LLC*, No. 10-4615, 2011 WL 2039064, at *11 (D.N.J. May 24, 2011) (same). Indeed, by enabling the PTO to consider *all* references upon which Dole and the other defendants will rely in these related cases, the Court will be able to take advantage of the PTO's expertise in sustaining the validity of any patent claims at issue in the reexamination proceedings. *See, e.g., Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 548 (Fed. Cir. 2011) ("While it is true that this 'court is not bound by the PTO's

14

actions and must make its own independent determination of patent validity,' it is equally true that the PTO has acknowledged expertise in evaluating prior art and assessing patent validity."); *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986) (finding that a district court should give "credence to the PTO reexamination proceeding, which upheld the validity of claims 1 and 6 despite the presence of much the same art as was presented before the district court," because "the burden of proving invalidity was 'made heavier.'"); *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985) (finding that "the examination procedure and result should be given appropriate consideration and due weight by the court," particularly where the examination involved "identical references."); *Pegasus*, 2003 WL 21105073, at *2 ("Moreover, the court notes that if, after reexamination, the plaintiffs' patents are again upheld, the plaintiffs' rights will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain.").

At a very minimum, therefore, any contemplated stay should be addressed ***after*** Dole and the other defendants provide their invalidity contentions, so that Round Rock can ensure that all pertinent information is submitted for consideration by the PTO. *See, e.g., In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005) (granting motion to stay except for the filing of defendants' invalidity contentions). If the true goal is a meaningful reexamination by the PTO, rather than simply delaying this case, nothing is achieved by having the PTO proceed with incomplete information.

Moreover, after each defendant submits its invalidity contentions in accordance with this Court's Default Standard for Discovery, so that the parties can ensure that all prior art references to be relied upon by the defendants is made available to the PTO for proper consideration, the reexaminations proceedings would be further along, allowing a better assessment of whether a

15

stay is appropriate.  Until then, there is no benefit in considering a stay, as discovery needs to proceed in any event for the many patent claims and other issues outside the purview of the reexamination proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to stay pending reexamination of the patents-in-suit.

Dated:  March 9, 2012                                FARNAN LLP

                                                              /s/ Brian E. Farnan
                                                     Brian E. Farnan (Bar No. 4089)
                                                     919 North Market Street
                                                     12th Floor
                                                     Wilmington, DE  19801
                                                     Telephone:  (302) 777-0300
                                                     Facsimile:  (302) 777-0301
                                                     bfarnan@farnanlaw.com

                                                     *Counsel for Plaintiff*
                                                     *Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner
jhohenthaner@desmaraisllp.com
Jason Berrebi
jberrebi@desmaraisllp.com
Eugene Chiu
echiu@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Telephone:  (212) 351-3400
Facsimile:  (212) 351-3401