IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROUND ROCK RESEARCH LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1239-RGA |
| DOLE FOOD COMPANY INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| ROUND ROCK RESEARCH LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1241-RGA |
| GAP INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| ROUND ROCK RESEARCH LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 11-1242-RGA |
| HANESBRANDS INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Round Rock filed three lawsuits in mid-December 2011, each alleging infringement of the same five patents.  The defendants each filed a motion to stay pending *ex parte*

reexamination.

A party who is not a defendant in this litigation requested that the PTO reexamine the independent claims of one of the patents (the '078 patent) in September 2011, and requested reexamination of the independent claims of the other four patents in January 2012. The PTO granted the first request in October 2011, and the other four requests on three different dates in February and March. Of the thirty independent claims in the five patents, twenty-six are now under reexamination. The PTO further issued a "First Office Action" on February 28 finding the three independent claims of the '078 patent invalid. The Court's understanding is that finding invalidity is the usual result of a "First Office Action."

Round Rock states that it has determined (preliminarily) that about ninety (of the 186 total) claims in the five patents are infringed by the defendants. Round Rock pointed out, on March 9 (No. 11-1239, D.I. 18, p.7, n.3), that it would still assert dependent claims under each patent even if all of the independent claims under reexamination are determined by the PTO to be invalid. It named five such exemplary claims. At oral argument on April 5, the Court was advised that the party who had previously requested reexamination had now requested reexamination of the named exemplary dependent claims, and that one such reexamination was granted on April 3.

Round Rock is a non-practicing entity. It does not compete with the defendants.

The present litigation has not proceeded beyond the initial pleading stage.

The standard for granting a stay is:

(1) whether granting the stay will simplify the issues for trial;

(2) whether discovery is complete and a trial date is set; and

(3) whether granting a stay would cause the non-moving party to suffer undue prejudice

from any delay, or a clear tactical disadvantage. *See, e..g., Vehicle IP LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, *1 (D.Del. 2010).

The pending reexamination certainly has the potential to simplify the issues for trial. Most of the 90 claims likely to be asserted could be affected by the pending reexaminations. As a general matter, with so many claims in play, the law of probabilities[1] makes it almost certain that some of the claims will be rejected or modified, and others of them, even if neither rejected nor modified, will garner additional prosecution history that may be relevant to claim construction.

Discovery has not started and there is no trial date.

Round Rock is not a competitor of the defendants, and seeks only monetary damages. It does not appear that it will suffer any undue prejudice if the motion is granted. At oral argument, Round Rock did not so much assert that it would be prejudiced (unduly or otherwise) as it argued that a stay served no purpose until claim construction briefing began. It asserted that since some of its infringement claims, including at least one for each patent, would survive no matter what the PTO did,[2] the discovery process would take place eventually, and so nothing would be gained by waiting. The defendants countered that discovery and other expenses (such as the cost of preparing invalidity contentions for 90 claims) might be significantly reduced if the universe of claims at issue was narrowed. Round Rock suggested that well-prepared invalidity contentions

---

[1] The Court's understanding is that about 1/4 of reexaminations result in no change.

[2] It seems likely that every time Round Rock asserts a claim, someone is going request reexamination at the PTO. The specter of endless PTO litigation was raised. This is not a frivolous concern.

would be submitted by Round Rock to the PTO, which would consider them,[3] and that it would be helpful to have such consideration. It seems to me that defendants have the better of this exchange, as the costs of patent litigation are great, and the PTO's actions could significantly alter the landscape that will drive the costs of these three lawsuits.

In terms of whether Round Rock will suffer a clear tactical disadvantage, there are two issues to consider. In terms of the litigation, there is little tactical disadvantage to Round Rock since it is in its earliest stages. In another sense, however, the parties are constantly seeking tactical advantages, and the motion for a stay would not have been filed but for defendants' belief that the granting of a stay would benefit them (for example, by reducing their costs, both for the immediate future [regardless of the ultimate outcome of the reexamination] and for the long run [if the PTO significantly limits the claims of Round Rock's patents]).

At oral argument, Round Rock stated that there had been no dilatoriness on the part of the defendants.

Considering all the circumstances, this seems pretty close to the classic case for granting a stay pending reexamination. The prejudice to the Plaintiff, including any tactical disadvantage, is not great, and the other factors all clearly weigh in favor of granting the stay.

Thus, upon consideration of the Defendants' motions to stay litigation pending reexamination (No. 11-1239, D.I. 12, No. 11-1241, D.I. 18, and No. 11-1242, D.I. 14), IT IS HEREBY ORDERED this 6th day of April 2012 that:

1. The motions to stay litigation pending reexamination are **GRANTED**;

---

[3] Round Rock would also have to submit perfunctory invalidity claims, which would be unlikely to be helpful to anyone.

2. The parties shall submit a status report no later than October 5, 2012, and every six months thereafter; and

3. The parties should promptly advise the Court if and when the stay should be lifted.

<table>
<tr><td>4ub-12<br>Date</td><td><em>/s/ Richard G. Andrews</em><br>United States District Judge</td></tr>
</table>